# United States Court of Appeals

## For the First Circuit

No. 03-1645

ABRAHAM MOSES ASABA,

Petitioner,

v.

JOHN D. ASHCROFT,
UNITED STATES ATTORNEY GENERAL,

Respondent.

ON PETITION FOR REVIEW OF AN ORDER
OF THE BOARD OF IMMIGRATION APPEALS

Before

Boudin, Chief Judge,
Torruella and Howard, Circuit Judges.

Allan M. Tow on brief for petitioner.
Barry J. Pettinato, Attorney, Office of Immigration Litigation, Civil Division, Peter D. Keisler, Assistant Attorney General, Civil Division, and David V. Bernal, Assistant Director, on brief for respondent.

July 23, 2004

**TORRUELLA**, <u>Circuit Judge</u>.  Petitioner Abraham Moses Asaba ("Asaba") appeals the Board of Immigration Appeals's ("BIA") April 15, 2003 order denying his motion to reopen and rescind an <u>in absentia</u> removal order entered by the Immigration Judge on May 21, 1999.  We affirm.

## I.    Background

Asaba is a native and citizen of Uganda who entered the United States on or about March 27, 1996 as a non-immigrant visitor authorized to remain in the United States for six months.  On June 5, 1997, the Immigration and Naturalization Service ("INS")[1] charged Asaba with removability under 8 U.S.C. § 1227(a)(1), as a non-immigrant who had remained in the United States for a time longer than permitted.  On January 28, 1998, Asaba, through his counsel Michael Ozulumba ("Ozulumba"), admitted the factual allegations against him and conceded removability.  Asaba applied for adjustment of status on the basis of his marriage to a United States citizen whose relative visa petition was approved by the INS.  <u>See</u> 8 U.S.C. § 1255(i).  A hearing was eventually set for May 21, 1999 at 2:00 p.m.

Asaba and his wife allegedly arrived at the Immigration Court in Boston, Massachusetts, at noon on May 21, 1999 to meet

---

[1]    In March 2003, the relevant functions of the INS were transferred into the new Department of Homeland Security and reorganized into the Bureau of Immigration and Customs Enforcement ("BICE").  For simplicity, we refer to the agency throughout this opinion as the INS.

Ozulumba and prepare for the hearing. They were unable to find Ozulumba. At 12:30 p.m., they called Ozulumba's office, obtained his cellular phone number, and called him. Ozulumba allegedly told Asaba that he was ill and could not come to court. He told Asaba to go home and that everything would be "okay." Asaba and his wife then left the Immigration Court. At 2:04 p.m., Ozulumba went to the clerk's office and filed a motion to continue the 2:00 p.m. hearing, stating that: (1) Ozulumba had been in court from 9:00 a.m. to 12:00 p.m. and, as a result, was unable to meet Asaba to prepare for the 2:00 p.m. hearing, and (2) Ozulumba was exhausted from a severe allergy attack and unable to attend the 2:00 p.m. hearing.[2] At 4:15 p.m., Ozulumba spoke with the Immigration Judge, restating the reasons for his failure to appear at the 2:00 p.m. hearing.

The Immigration Judge entered an order of removal in absentia. On August 30, 1999, Asaba, through Ozulumba, filed a motion to reopen and for stay of deportation, asking the Immigration Judge to rescind the order of removal issued in absentia so that Asaba could apply for asylum and withholding of removal. The motion stated that Asaba missed the May 21, 1999 hearing because of "extreme circumstances surrounding his [United States] Citizen wife," and also mentioned that Ozulumba was sick on

_____

[2]   Ozulumba also used the incorrect alien number on the motion to continue, and attached a hearing notice with a different name and alien number than the motion to continue.

-3-

May 21.  No affidavits from Asaba or his wife were submitted with the motion.  On September 29, 1999, the Immigration Judge denied the motion to reopen, finding that Asaba failed to demonstrate any exceptional circumstances to excuse his failure to appear at the May 21, 1999 hearing.  See 8 U.S.C. § 1229a(b)(5)(C)(i).[3]

Asaba received a copy of the Immigration Judge's decision from Ozulumba in October 1999.  This copy did not contain a paragraph in the original decision detailing Ozulumba's meeting with the Immigration Judge at 4:15 p.m. on May 21, 1999.  Asaba appealed the Immigration Judge's decision to the BIA on October 29, 1999.  Asaba argued to the BIA that, on the morning of May 21, 1999, he learned for the first time that his wife had a court date elsewhere that morning.  Asaba's wife refused to disclose any details about the court date and told him to wait for her at the Immigration Court.  Asaba's wife never appeared at the Immigration Court and Asaba had no way to contact her.  On January 23, 2001, the BIA affirmed the decision of the Immigration Judge and dismissed the appeal.

On May 31, 2001, Asaba discharged Ozulumba and retained new counsel.  On June 1, 2001, Asaba filed a grievance against Ozulumba with the Massachusetts Board of Bar Overseers ("BBO").

---

[3]   8 U.S.C. § 1229a(b)(5)(C)(i) states that an order of removal in absentia may be rescinded "upon a motion to reopen filed within 180 days after the date of the order of removal if the alien demonstrates that the failure to appear was because of exceptional circumstances (as defined in subsection (e)(1) of this section)."

This grievance is still pending before the BBO.  On June 4, 2001, Asaba filed a second motion to reopen before the BIA, arguing that he failed to attend the May 21, 1999 hearing because of ineffective assistance of counsel, and that ineffective assistance of counsel was an "exceptional circumstance" as defined by 8 U.S.C. § 1229a(e)(1).[4]  On April 15, 2003, the BIA denied the motion to reopen.  Asaba appeals the denial of the motion to reopen.[5]

## II.    Analysis

We review the BIA's denial of a motion to reopen for abuse of discretion.  See Betouche v. Ashcroft, 357 F.3d 147, 149-150 (1st Cir. 2004).  "An abuse of discretion will be found where the BIA misinterprets the law, or acts either arbitrarily or capriciously."  Wang v. Ashcroft, 367 F.3d 25, 27 (1st Cir. 2004).

The BIA denied Asaba's motion to reopen because (1) the motion failed to comply with the procedural requirements set forth in Matter of Lozada, 19 I. & N. Dec. 637, 639 (BIA 1988), and (2)

---

[4]    8 U.S.C. § 1229a(e)(1) states that "[t]he term 'exceptional circumstances' refers to exceptional circumstances (such as serious illness of the alien or serious illness or death of the spouse, child, or parent of the alien, but not including less compelling circumstances) beyond the control of the alien."  The BIA has found that ineffective assistance of counsel may qualify as an exceptional circumstance.  See In re Grijalva-Barrera, 21 I. & N. Dec. 472, 474 (BIA 1996); Saakian v. INS, 252 F.3d 21, 25 (1st Cir. 2001).

[5]    Asaba also filed a motion to reconsider before the BIA on May 13, 2003.  On November 19, 2003, the BIA denied the motion to reconsider.  Asaba did not appeal the BIA's denial of the motion to reconsider.

-5-

the BIA found that the motion was outside the 180-day limit provided for in 8 U.S.C. § 1229a(b)(5)(C)(i). We affirm because the motion to reopen failed to comply with the Lozada requirements and need not reach the issue of timeliness. See Betouche, 357 F.3d at 151 (finding that the BIA did not abuse its discretion where petitioner failed to comply with the Lozada requirements).

"Given the sheer volume of ineffective assistance of counsel claims asserted by deportable aliens, the BIA has developed threshold procedural requirements to enable the efficient screening of frivolous, collusive or dilatory claims." Wang, 367 F.3d at 27; see Lozada, 19 I. & N. Dec. at 639. In Lozada, the BIA stated that a motion to reopen based on ineffective assistance of counsel should be supported by:

> (1) an affidavit describing in detail the agreement between the alien and his counsel regarding the litigation matters the attorney was retained to address; (2) evidence that the alien informed his counsel as to the alien's ineffective assistance allegations and afforded counsel an opportunity to respond; and (3) evidence that the alien had either filed a complaint with the appropriate disciplinary authority regarding the attorney's ethical or legal misfeasance, or a valid excuse for failing to lodge such a complaint.

Betouche, 357 F.3d at 147; Lozada, 19 I. & N. Dec. at 639. The BIA acts within its discretion in denying motions to reopen that fail to meet the Lozada requirements as long as it does so in a non-

arbitrary manner.  See <u>Saakian</u>, 252 F.3d at 26; <u>Betouche</u>, 357 F.3d at 149 n.2.

The BIA emphasized that Asaba failed to submit evidence that he notified Ozulumba of the allegations of ineffective assistance and afforded him an opportunity to respond.[6]  Asaba filed a complaint against Ozulumba with the BBO on June 1, 2001.  On June 4, 2001, Asaba filed a motion to reopen with the BIA.  This motion did not contain any evidence that Asaba had notified Ozulumba of the allegations with the BBO.  A supplement to the motion to reopen, filed on August 13, 2002, also failed to provide any evidence that Asaba had notified Ozulumba of the allegations.

Asaba argues, based entirely on evidence he presented for the first time in his motion to reconsider, filed on May 13, 2003, that he provided evidence that he notified Ozulumba of the allegations.  None of this evidence was properly before the BIA when it denied Asaba's motion to reopen on April 15, 2003.  Asaba has not appealed the BIA's denial of his motion to reconsider.  Because motions to reopen and motions to reconsider are appealed

---

[6]     The BIA also found that Asaba failed to submit a separate affidavit describing in detail Asaba's agreement with Ozulumba regarding the litigation matters Ozulumba was to address.  The BIA noted, however, that "it could be argued that the respondent substantially complied with the first <u>Lozada</u> requirement in that his complaint is very detailed and could be considered an adequate substitute for a separate affidavit."  Because we find that Asaba failed to comply with the <u>Lozada</u> notification requirement and that the BIA did not abuse its discretion in denying the motion to reopen on that ground, we do not reach the issue of whether Asaba presented an appropriate affidavit for <u>Lozada</u> purposes.

separately, see Zhang v. Ashcroft, 348 F.3d 289, 292 (1st Cir. 2003); see also Stone v. INS, 514 U.S. 386, 405-406 (1995), the motion to reconsider is not before us. Therefore, the only evidence properly before us is the evidence that was in the record before the BIA when it denied Asaba's motion to reopen. See Betouche, 357 F.3d at 151 n.6; Fesseha v. Ashcroft, 333 F.3d 13, 18 (1st Cir. 2003). There is no evidence in the record that Asaba notified Ozulumba of the ineffective assistance of counsel allegations.

Even if Asaba had presented evidence that he notified Ozulumba, he failed to meet Lozada's requirement that counsel be provided an opportunity to respond before filing the motion to reopen. See Lozada, 19 I. & N. Dec. at 639 ("[B]efore allegations of ineffective assistance of former counsel are presented to the [BIA], former counsel must be informed of the allegations and allowed the opportunity to respond.")(emphasis added). Asaba filed the motion to reopen on June 4, 2001, three days after filing the grievance with the BBO on June 1, 2001. Even assuming that Asaba mailed Ozulumba notice of the allegations that same day, on June 1, 2001, three days does not provide Ozulumba an "adequate opportunity to respond" to the allegations. See Reyes v. Ashcroft, 358 F.3d 592, 599 (9th Cir. 2004)(affirming the BIA's decision where petitioner did not prove that he gave former counsel "notice of the

-8-

ineffective assistance allegations or an adequate opportunity to respond").

Asaba's failure to meet the Lozada notice requirement is significant. The Lozada notice requirement provides a mechanism by which the Immigration Judge and the BIA "may more accurately assess the merits of a petitioner's ineffective assistance claim." Reyes, 358 F.3d at 599. "The potential for abuse is apparent where no mechanism exists for allowing former counsel, whose integrity or competence is being impugned, to present his version of events if he so chooses, thereby discouraging baseless allegations." Lozada, 19 I. & N. Dec. at 639. Asaba inexcusably failed to provide the BIA with evidence that he met the Lozada notice requirement, despite having time and opportunity to do so. We therefore find that the BIA did not abuse its discretion in denying the motion to reopen.

**Affirmed.**