**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 04-1514

ALICE KAGGWA,
Petitioner,

v.

ALBERTO GONZALES,
Attorney General of the United States,
Respondent.[*]

ON PETITION FOR REVIEW OF AN ORDER OF

THE BOARD OF IMMIGRATION APPEALS

Before

Lynch, Lipez, and Howard, Circuit Judges.

Emmanuel L. Muwonge and Emmanuel L. Muwonge & Associates, LLC on brief for petitioner.
Peter D. Keisler, Assistant Attorney General, Civil Division, David V. Bernal, Assistant Director, and Andrew C. MacLachlan, Attorney, Office of Immigration Litigation, Civil Division, Department of Justice, on brief for respondent.

June 3, 2005

---

[*]Alberto Gonzales was sworn in as United States Attorney General on February 3, 2005. We therefore have substituted Attorney General Gonzales for John Ashcroft as the respondent. See Fed. R. App. P. 43(c)(2).

**Per Curiam**.  Petitioner Alice Kaggwa seeks review of a Board of Immigration Appeals (BIA) order summarily affirming the decision of an immigration judge (IJ) denying her motion to reopen her asylum case.  We deny the petition.

Kaggwa is a citizen of Uganda who came to the United States on a six-month visa in September 1999.  After her visa expired, she remained in the United States and filed for asylum.  In January 2002, the Immigration and Naturalization Service (INS) initiated removal proceedings against the petitioner for overstaying her visa.[1]

On February 14, 2002, Kaggwa appeared before an IJ in Boston, Massachusetts, where she was living at the time.  She asked for and received a continuance of the hearing until September 19, 2002.  In March 2002, she relocated to Kansas City, Missouri, and sought a change of venue of the immigration proceeding from Boston to Kansas City.  Her first attempt to change venue failed because she did not properly serve the INS.  She claims that she subsequently refiled the change of venue request, but there is no documentary evidence that she did so.  In any event, Kaggwa was never granted a change of venue.

---

[1]On March 1, 2003, the INS ceased to exist as an agency within the Department of Justice.  Its enforcement functions were transferred to the Department of Homeland Security.  See Homeland Security Act of 2002, Pub. L. No. 107-296, 116 Stat. 2135 (2002).  Because the events at issue predate that reorganization, we refer to the INS in this opinion.

On September 15, 2002, the petitioner's sister died of meningitis in Uganda. In an affidavit filed to accompany the motion to reopen, the petitioner testified that she planned to drive from Kansas City to Boston on September 18th to attend the September 19th hearing which was scheduled to begin at 9:00 a.m. But on the morning of September 17th, she alleges, she received word that her sister had died. Kaggwa claims that, because of her grief, she could not travel to Boston on September 18th as previously planned. Instead, she asserts that she called the immigration court on the morning of the hearing to inform it that she could not attend because of the death in her family. The court records indicate that the petitioner called to say that she lived in Kansas City and could not attend court that day; the records do not indicate whether she mentioned her sister's death. The IJ went ahead with the hearing and, based on the information presented by the INS, entered an <u>in absentia</u> order that the petitioner be removed to Uganda.

After receiving notice of the removal order, the petitioner filed the motion to reopen the proceedings, on the basis of exceptional circumstances arising from her sister's death. The IJ denied the motion because (1) there was insufficient evidence of the sister's death, and (2) the petitioner should have allowed herself more than one day of traveling time to drive from Kansas

City to Boston.  Kaggwa appealed to the BIA, which summarily affirmed the IJ's order.

We review the BIA's denial of a motion to reopen for abuse of discretion.  See INS v. Doherty, 502 U.S. 314, 323-24 (1994).  Because the BIA summarily affirmed the IJ's decision, we consider the IJ's decision directly.  See Herbert v. Ashcroft, 325 F.3d 68, 71 (1st Cir. 2003).  For a decision to survive the abuse of discretion standard, the decision must "simply [provide] a rational explanation" for its conclusion.  Zhang v. INS, 348 F.3d 289, 293 (1st Cir. 2003).

An in absentia removal order may be reopened if a motion to reopen is filed within 180 days after the date of the order and the alien demonstrates that her failure to appear resulted from exceptional circumstances.  See 8 U.S.C. § 1229a(b)(5)(C).  The statute is directed to "exceptional circumstances (such as serious illness of the alien or serious illness or death of the spouse, child or parent of the alien, but not including less compelling circumstances) beyond the control of the alien."  8 U.S.C. § 1229a(e)(1).  The exceptional circumstances standard is a "fairly tough one," Georceley v. Ashcroft, 375 F.3d 45, 51 (1st Cir. 2004), and will be met in only "rare cases." Herbert, 325 F.3d at 72.

The government does not dispute that the petitioner's motion was timely or that, at least in some circumstances, notice of the death of a sibling just prior to a hearing could constitute

-4-

an exceptional circumstance excusing the failure to appear. Rather, it contends that the motion was properly denied because the evidence supports the government's view that the petitioner did not intend to appear regardless of her sister's death.

On the record before us, we cannot say that the IJ abused her discretion in denying the motion to reopen. As stated above, the immigration court records indicate only that, on the morning of the hearing, Kaggwa called to say that she lived in Kansas City and would not appearing in court that day. Cf. Georceley, 375 F.3d at 51 (affirming denial of a motion to reopen where the alien belatedly informed the immigration court of the reason for the absence); Lonyem v. United States Att'y General, 352 F.3d 1338, 1341 (11th Cir. 2003) (similar). Moreover, the petitioner's asserted plan to drive from Kansas City to Boston in one day to attend the 9:00 a.m. hearing was very risky, given the distance between the cities. Under the strict standard of review that we must apply, these facts adequately ground the IJ's decision not to reopen the proceedings.[2]

**Petition denied**.

---

[2]The petitioner also filed a motion for reconsideration which the BIA denied. Some of the arguments in the petitioner's brief relate to the BIA's ruling on the motion for reconsideration. But the petitioner did not seek review of this ruling, and we are therefore without jurisdiction to consider it. See Asaba v. Ashcroft, 377 F.3d 9, 12 (1st Cir. 2004).