[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

----------------------------------------

Nos. 05-15646 & 06-10847
Non-Argument Calendar

----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 15, 2006
THOMAS K. KAHN
CLERK

BIA No. A79-453-029

RIGELS VISOKA,

Petitioner,

versus

U. S. ATTORNEY GENERAL,

Respondent.

----------------------------------------------------------------
Petitions for Review of a Decision of the
Board of Immigration Appeals
----------------------------------------------------------------

**(November 15, 2006)**

Before EDMONDSON, Chief Judge, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Rigels Visoka ("Visoka") petitions for review of the Board of Immigration

Appeals' ("BIA") order adopting and affirming the Immigration Judge's ("IJ")

denial of Visoka's motion to change venue and denial of his application for

asylum and withholding of removal under the Immigration and Nationality Act ("INA") and the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"), 8 U.S.C. §§ 1158, 1231, 8 C.F.R. § 208.16(c).  He also petitions for review of the BIA's denial of his motion to reopen the proceedings.  We lack jurisdiction to hear some of Visoka's claims, and we see no reversible error on his other claims.  We thus deny the petitions.

Visoka, a citizen and national of Albania, arrived in the United States with a false passport in June 2002 and requested asylum.  Immigration officials designated Miami as the venue for the asylum proceedings and released Visoka on parole.  Visoka retained an attorney in Boston, who filed a motion to change venue to Boston, based on Visoka's residence in the area.  The IJ denied this motion.  Visoka then hired Florida counsel, Noel Flasterstein ("Flasterstein"), who represented Visoka in the proceedings before the IJ and in the appeal to the BIA.

In his asylum applications[1] and before the IJ, Visoka contended that he was eligible for asylum on the political opinion ground.  He testified that, as an active member of the Democratic Party, he was a vocal opponent of the Socialist

---

[1]Visoka submitted two applications; an initial application prepared improperly by his Boston attorney, and a "corrected" application prepared with Flasterstein's assistance.

government in Albania and suffered retribution for such opposition. The IJ denied Visoka's application for asylum and withholding under the INA and the CAT, finding that Visoka failed to present credible evidence of past persecution or a well-founded fear of persecution. Visoka filed a notice of appeal with the BIA, asserting that the IJ's conduct exhibited bias in favor of the government, violating his due process right to present his case fully. He did not challenge the IJ's denial of the change in venue or denial of asylum and withholding. The BIA adopted and affirmed the IJ's decision and determined that no "probative evidence . . . support[s] the respondent's claim that the Immigration Judge was biased against him or prevented him from presenting his claims."

Visoka retained yet another attorney, who petitioned this Court for review of the removal order and filed a motion to reopen with the BIA based on a charge of ineffective assistance of counsel against Flasterstein. The BIA denied the motion because Visoka had failed to provide Flasterstein with prior notice of the allegations against him and a reasonable opportunity to respond. Visoka petitioned this Court for review of that order, and we consolidated the two petitions.

Visoka raises four issues on appeal. He first argues that the IJ erred in denying Visoka's motion to change venue. He also contends that the IJ

improperly denied his claims for asylum and withholding of removal by failing to make an adverse credibility finding on which such a denial could be based; in the alternative, Visoka argues that any such adverse credibility finding was in error and that he met his burden of proof. Visoka then argues that the BIA erred by failing to find that the IJ's interference with Visoka's testimony deprived him of a fair hearing. Last, Visoka argues that the BIA erred in denying his motion to reopen.

We lack jurisdiction to hear Visoka's arguments about the IJ's denial of Visoka's motion to change venue, as well as those arguments about the IJ's denial of Visoka's asylum and withholding claims. We review our subject matter jurisdiction de novo. Gonzalez-Oropeza v. U.S. Att'y Gen., 321 F.3d 1331, 1332 (11th Cir. 2003). Pursuant to 8 U.S.C. § 1252(d)(1), we may review a final order of removal "only if the alien has exhausted all administrative remedies available to the alien as of right." This exhaustion requirement precludes review of a claim that was not presented to the BIA. See Fernandez-Bernal v. Att'y Gen., 257 F.3d 1304, 1317 n.13 (11th Cir. 2001). In his appeal to the BIA, Visoka failed to challenge – either in the Notice of Appeal or his brief – the IJ's decisions

regarding his motion to change venue and his application for asylum and withholding of removal. We therefore lack jurisdiction to entertain those claims.[2]

We next review Visoka's due process claim de novo. Lonyem v. U.S. Att'y Gen., 352 F.3d 1338, 1341 (11th Cir. 2003). To establish a due process violation, an alien must show that the immigration proceedings were fundamentally unfair and that he suffered substantial prejudice from that unfairness. See Garcia v. Att'y Gen., 329 F.3d 1217, 1222 (11th Cir. 2003); Ibrahim v. INS, 821 F.2d 1547, 1550 (11th Cir. 1987). The substantial prejudice element is met where the alien demonstrates that the outcome of the proceedings would have been different if the due process violation had not occurred. See Ibrahim, 821 F.2d at 1550. Visoka contends that the IJ's refusal to allow him to elaborate on the details of his case prevented him from meeting his burden of proof and denied him a fair hearing. We disagree.

As Visoka concedes, the record shows that the IJ "concerned himself . . . with a strict interpretation of the rules of evidence." The IJ properly instructed

---

[2]Visoka argues that we should relax the exhaustion requirement in this case because his failure to raise these claims on appeal to the BIA resulted directly from Flasterstein's ineffective assistance. This argument is meritless, as Visoka had an opportunity to seek redress for Flasterstein's alleged mishandling of the case in the motion to reopen. The BIA properly dismissed the allegations of ineffective assistance of counsel, see infra, and we see no reason to alter our established jurisdictional rules where the alien has forfeited the claim on which he bases his argument for a relaxed rule.

Visoka that he could not give narrative answers on direct examination and correctly overruled objections made by Flasterstein during the cross-examination of Visoka that provided answers to government's questions. In addition, the IJ informed Visoka during his direct examination that he would have an opportunity to provide any further information he felt was relevant to his case; Visoka chose not to take this opportunity. Thus, the IJ did not deny Visoka a fair hearing or a full opportunity to present his claims, and Visoka's due process challenge to the removal order must fail.

Visoka's final claim – that the BIA erred in denying his motion to reopen – we review for abuse of discretion. See Gbaya v. U.S. Att'y Gen., 342 F.3d 1219, 1220 (11th Cir. 2003). We have held that the BIA has discretion to deny a motion to reopen for ineffective assistance of counsel where the petitioner fails to comply with the procedural requirements set forth in In re Lozada, 19 I.&N. Dec. 637 (BIA 1988). Gbaya, 342 F.3d at 1223. The BIA denied Visoka's motion to reopen for his failure to comply with the second of the three Lozada requirements – namely, that the former counsel be informed of the allegations and be given an opportunity to respond before the allegations are brought to the BIA[3]. Visoka

---

[3]The other two requirements, which Visoka met, are as follows: (1) that the motion be supported by an affidavit setting forth in detail the agreement that was entered into with counsel regarding the actions to be taken and what representations counsel did or did not make to the petioner in this

argues that he substantially complied with this requirement because he provided Flasterstein with notice of the allegations prior to filing the motion with the BIA and because the time limits on filing the motion precluded him from waiting any longer to receive a response before filing. We disagree.

The BIA affirmed Visoka's final order of removal on 15 September 2005. He then had 90 days – until 14 December 2005 – in which to file his motion to reopen. Visoka's new attorney filed a Notice of Appeal with this Court on 14 October 2005 and received and filed the certified administrative record in early November. Even assuming, arguendo, that Visoka's new attorney could not have determined that Visoka had an ineffective assistance claim until receipt and review of the record, she still had over one month until the filing deadline to notify Flasterstein of the allegations and obtain his response. Instead, Visoka failed to notify Flasterstein until 9 December 2005,[4] the same date on which he mailed his motion to reopen to the BIA, leaving no time for a response to be made before the filing deadline. As one of our sister circuits has stated, Visoka's "failure to meet the Lozada notice requirement is significant." Asaba v. Ashcroft, 377 F.3d 9, 12

---

regard; and (2) that the motion reflect whether a complaint has been filed with disciplinary authorities and if not, why not. Lozada, 19 I. & N. Dec. at 639.

[4]Visoka sent Flasterstein a copy of the disciplinary complaint that he filed with the Florida Bar on 8 December 2005.

(5th Cir. 2004) (upholding BIA's denial of motion to reopen where alien filed motion three days after filing the grievance with the disciplinary authorities and noting that "[e]ven assuming that [the attorney received notice of the allegations on the same day], three days does not provide . . . an 'adequate opportunity to respond' to the allegations." (citation omitted)). "[T]he entire rationale behind the Lozada requirements is to prevent the BIA from having to examine the record in each and every ineffective assistance of counsel claim it receives." Gbaya, 342 F.3d at 1222. Because Visoka's "notice" does not satisfy this policy, he cannot show even substantial compliance with Lozada. Thus, the BIA did not abuse its discretion by denying the motion to reopen.

We lack jurisdiction to hear Visoka's claims of error about the denial of his motion to change venue and application for asylum and withholding of removal, and we conclude that the BIA did not err in denying Visoka's due process claim and motion to reopen for ineffective assistance of counsel. Visoka's petitions for review of these actions are therefore

**DISMISSED IN PART, DENIED IN PART.**