**MEI YING LI, Fing Yu Liu, Petitioners,**

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES, Respondent.**

Nos. 04–3921–ag (L), 04–3920–ag (CON).

United States Court of Appeals, Second Circuit.

May 16, 2007.

Theodore N. Cox, New York, N.Y., for Petitioners.

Kevin J. O'Connor, United States Attorney, District of Connecticut, Douglas P. Morabito, William J. Nardini, Assistant United States Attorneys, New Haven, CT, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. JOSEPH M. McLAUGHLIN, and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioners Mei Ying Li and Fing Yu Liu, natives and citizens of China, seek review of two June 24, 2004 orders of the BIA denying their motion to reopen. *In re Mei Ying Li*, No. A73 169 789 (B.I.A. June 24, 2004); *In re Fing Yu Liu*, No. A70 123 099 (B.I.A. June 24, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005) (per curiam); *Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir.2006). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur*, 413 F.3d at 233–34; *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

To prevail on these claims of ineffective assistance of counsel, the Petitioners were required first to comply with certain procedures laid out by the BIA in *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988). Specifically, the alien must file a motion with the BIA that includes: "(1) an affidavit setting forth in detail the agreement with former counsel concerning what action would be taken and what counsel did or did not represent in this regard; (2) proof that the alien notified former counsel of the allegations of ineffective assistance and allowed counsel an opportunity to respond; and (3) if a violation of ethical or legal responsibilities is claimed, a statement as to whether the alien filed a complaint with any disciplinary authority regarding counsel's conduct and, if a complaint was not filed, an explanation for not doing so." *Twum v. INS*, 411 F.3d 54, 59 (2d Cir.2005) (citing *Lozada*, 19 I. & N. Dec. at 639).

■ The Petitioners filed their motion with the BIA on the same day that the notice was sent to their former attorney Andrew Wilson, and on the same day that a complaint against Wilson was sent to a New York State disciplinary committee, Petitioners thus failed to comply with *Lozada's* notice requirement: "*before* allegations of ineffective assistance of former counsel are presented to the Board, former counsel must be informed of the allegations *and* allowed the opportunity to respond." 19 I. & N. Dec. at 639 (emphasis added). Moreover, Petitioners thus could not satisfy *Lozada's* command that "[a]ny subsequent response from counsel, or report of counsel's failure or refusal to respond should be submitted *with the motion.*" *Id.* (emphasis added). "[A]n alien who has failed to comply substantially with the *Lozada* requirements in her motion to reopen before the BIA forfeits her ineffective assistance of counsel claim." *Jian Yun Zheng v. U.S. Dep't of Justice*, 409 F.3d 43, 47 (2d Cir.2005). It was thus not an abuse of discretion for the BIA to deny Petitioners' motion insofar as it was based on the supposed ineffectiveness of Wilson. *Id.* at 47–48; *see also Asaba v. Ashcroft*, 377 F.3d 9, 12–13 (1st Cir.2004); *Reyes v. Ashcroft*, 358 F.3d 592, 598–99 (9th Cir. 2004).

■ The BIA also properly declined to consider Petitioners' ineffective assistance of counsel claim against Xiong He, who is not an attorney, and whom the BIA rea-

sonably found had not acted as Petitioners' legal counsel. We have not yet ruled whether ineffective assistance of counsel claims may be brought against non-attorneys under *Lozada*, 19 I. & N. Dec. 637. A recent BIA opinion, however, seems to suggest that even if such claims are possible, the alien must still take steps to satisfy the concerns underlying the *Lozada* requirements, which would include providing notice and an opportunity to respond to the person complained of *before* the motion alleging ineffective assistance is filed. *See In re Zmijewska*, 24 I. & N. Dec. 87, 94–95 (BIA 2007). So even if the BIA had entertained Petitioners' ineffective assistance of counsel claim against He, the BIA would have had substantial grounds to reject Petitioners' motion to reopen. *See id.*

Accordingly, the BIA did not abuse its discretion in denying Petitioners' motion. Moreover, because Petitioners failed to meet the threshold requirements of *Lozada*, we need not consider the merits of Petitioners' ineffective assistance of counsel claims. *See Garcia–Martinez v. Dept. of Homeland Sec.*, 448 F.3d 511, 514 n. 2 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).