**JUN BAO LIN, Petitioner,**

**v.**

**Alberto R. GONZALES,**[1] **Respondent.**

No. 03–40575–ag.

United States Court of Appeals,
Second Circuit.

July 12, 2007.

Thomas V. Massucci, New York, New York, for Petitioner.

Patrick J. Fitzgerald, United States Attorney, Northern District of Illinois, Craig Oswald, William R. Hogan, Jr., Assistant United States Attorneys, Chicago, Illinois, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. RICHARD J. CARDAMONE, Hon. SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Petitioner Jun Bao Lin, a native and citizen of China, seeks review of the September 2, 2003 order of the BIA denying his motion to reopen. *In re Jun Bao Lin,* No. A70 894 524 (B.I.A. Sept. 2, 2003). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Id.* at 233–34.

Claims of ineffective assistance of counsel are often raised to the BIA in motions to reopen. To prevail on such a claim, the alien must first comply with certain procedures laid out in *Matter of Lozada,* 19 I. &

---

1. U.S. Attorney General Alberto R. Gonzales is substituted for John Ashcroft as Respondent. *See* Fed. R. App. P. 43(c)(2).

N. Dec. 637 (BIA 1988). Specifically, the alien must file a motion with the agency that includes: "(1) an affidavit setting forth in detail the agreement with former counsel concerning what action would be taken and what counsel did or did not represent in this regard; (2) proof that the alien notified former counsel of the allegations of ineffective assistance and allowed counsel an opportunity to respond; and (3) if a violation of ethical or legal responsibilities is claimed, a statement as to whether the alien filed a complaint with any disciplinary authority regarding counsel's conduct and, if a complaint was not filed, an explanation for not doing so." *Twum v. INS,* 411 F.3d 54, 59 (2d Cir.2005) (citing *Lozada,* 19 I. & N. Dec. at 639).

Here, the BIA did not abuse its discretion in denying Lin's motion to reopen based on the ineffective assistance of his former counsel. By failing to send notice of any kind to his former counsel, and by filing his motion with the BIA on the same day that a complaint against his former counsel was sent to the Disciplinary Committee of the First Judicial Department of the New York Supreme Court, the BIA reasonably concluded that Lin failed to comply with *Lozada's* notice requirement, to wit: "*before* allegations of ineffective assistance of former counsel are presented to the Board, former counsel must be informed of the allegations *and* allowed the opportunity to respond." 19 I. & N. Dec. at 639 (emphasis added). In addition, it was impossible for Lin to satisfy *Lozada's* command that "[a]ny subsequent response from counsel, or report of counsel's failure or refusal to respond should be submitted *with the motion." Id.* (emphasis added). We have made clear that "an alien who has failed to comply substantially with the *Lozada* requirements in [his] motion to reopen before the BIA forfeits [his] ineffective assistance of counsel claim." *Jian Yun Zheng v. U.S. Dep't of Justice,* 409 F.3d 43, 47 (2d Cir.2005). Accordingly, the BIA did not abuse its discretion in denying Lin's motion. *Id.* at 47–48; *see also Asaba v. Ashcroft,* 377 F.3d 9, 12–13 (1st Cir.2004); *Reyes v. Ashcroft,* 358 F.3d 592, 598–99 (9th Cir.2004). As such, we need not consider the merits of his ineffective assistance of counsel claim. *See Garcia–Martinez v. Dep't of Homeland Sec.,* 448 F.3d 511, 514 n. 2 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.