**WEN YONG WU, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General,[1] Respondent.**

**No. 05–5439–ag.**

United States Court of Appeals, Second Circuit.

Jan. 8, 2008.

David E. Piver, Wayne, PA, for Petitioner.

Peter D. Keisler, Assistant Attorney General, James A. Hunolt, Senior Litigation Counsel, Nehal H. Kamani, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, DC, for Respondent.

Present: JOHN M. WALKER, JR., JOSÉ A. CABRANES and ROBERT D. SACK, Circuit Judges.

1.  Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Micheal B. Mukasey, is automatically substituted for for-mer Attorney General Alberto R. Gonzales as respondent in this case.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Wen Yong Wu, a citizen of the People's Republic of China, seeks review of a September 16, 2005 order of the BIA denying his motion to reissue its earlier decision dismissing his appeal from an Immigration Judge's denial of his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Wen Yong Wu*, No. A77 653 245 (B.I.A. Sept. 16, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the agency's denial of a motion to reissue for abuse of discretion, and the agency's findings of fact under the substantial evidence standard. *See Ping Chen v. U.S. Att'y Gen.*, 502 F.3d 73, 74–75 (2d Cir.2007). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur v. BIA*, 413 F.3d 232, 233–34 (2d Cir.2005) (per curiam).

In *Ping Chen*, we distinguished the extent of BIA's obligation to notify an alien of a hearing from the extent of its obligation to notify an alien of a disposition. *See Ping Chen*, 502 F.3d at 76–77. Actual receipt of notice of a hearing is required, but in the case of a disposition, the BIA's obligations are satisfied by "physically presenting or mailing a document to the appropriate party or parties." *Id.* (quoting 8 C.F.R. § 1003.13). As we stated, "[o]nce the BIA has performed its duty of serving the order, the time for appeal and motions to reopen begins to run, even if the order miscarries in the mail or the alien does not receive it *for some other reason that is not the BIA's fault.*" *Id.* (emphasis added).

We have yet to decide whether ineffective assistance of counsel claims may be brought against non-attorneys. *See Mei Ying Li v. BCIS*, 231 Fed.Appx. 41, 43 (2d Cir.2007) (summary order). Nevertheless, we need not resolve this question in this case. Wu does not contend that the BIA failed to mail the decision or that it failed to mail the decision to the wrong address; rather, Wu alleges that Wancheng Legal Service Center, apparently an organization of non-lawyers, did not deliver it to him. Even assuming that an ineffectiveness claim can be brought against a non-attorney in an immigration case, any ineffectiveness here is irrelevant because the BIA properly mailed its decision to the address Wu had provided. Wancheng's later failure to inform Wu of the BIA's decision is, in other words, "some other reason [for the lack of notification] that is not the BIA's fault." *Ping Chen*, 502 F.3d at 76–77; *see also Tobeth-Tangang v. Gonzales*, 440 F.3d 537, 539–40 (1st Cir.2006) (BIA's proper mailing of its decision is adequate basis for denial of a subsequent motion to reissue, even where a licensed attorney's failure to notify the BIA of his changed office address was arguably the cause of the alien's lack of actual receipt of a copy of the decision).

For the foregoing reasons the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal is DISMISSED as moot. Any pending request for oral argument in this case is DENIED in accordance with Federal Rule of Appellate

Procedure 34(a)(2), Second Circuit Local Rule 34(d)(1).