Liu v. Holder

BIA
A093 397 317

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15ᵗʰ day of March, two thousand eleven.

PRESENT:
> ROGER J. MINER,
> ROBERT A. KATZMANN,
> PETER W. HALL,
> > *Circuit Judges.*

_____

SHAN XI LIU,
> *Petitioner*,

> v.

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent*.

10-252-ag
NAC

_____

FOR PETITIONER: Tina Howe, New York, N.Y.

FOR RESPONDENT: Tony West, Assistant Attorney General; Jennifer Paisner Williams, Senior Litigation Counsel; Ali Manuchehry, Trial Attorney, United States Department of Justice, Office of Immigration Litigation, Civil Division, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner, Shan Xi Liu, a native and citizen of the People's Republic of China, seeks review of a December 28, 2009 decision of the BIA denying his motion to reopen his removal proceedings. *In re Shan Xi Liu*, No. A093 397 317 (B.I.A. Dec. 28, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review for abuse of discretion the BIA's denial of a motion to reopen and reconsider. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006)(*per curiam*). An individual moving to reopen his removal proceedings based upon a claim of ineffective assistance of counsel must: (1) support the motion with an affidavit attesting to the relevant facts; (2) inform his former counsel of the allegations and allow counsel the opportunity to respond; and (3) disclose whether a complaint has been filed with the appropriate disciplinary authorities regarding such representation, and if one has not been filed, explain why. *Matter of Lozada*, 19 I. & N. Dec. 637, 639 (B.I.A. 1988). "We have not required a

2

slavish adherence" to the *Lozada* requirements, "holding only that substantial compliance is necessary." *Yi Long Yang v. Gonzales*, 478 F.3d 133, 142-43 (2d Cir. 2007). Nonetheless, we have held that "an alien who has failed to comply substantially with the *Lozada* requirements in her motion to reopen before the BIA forfeits her ineffective assistance of counsel claim in this Court." *Jian Yun Zheng v. U.S. Dep't of Justice*, 409 F.3d 43, 47 (2d Cir. 2005).

On appeal, Liu asserts that the BIA failed to consider the evidence he submitted of his compliance with *Lozada*. This evidence consists of (1) an "Evidence List" indicating the inclusion of a "Copy of Complaint Letter" from Liu against prior counsel to a disciplinary committee and to prior counsel; (2) a cover letter, dated May 10, 2009, which is addressed to the disciplinary committee of the Appellate Division of the Supreme Court of the State of New York, First Judicial Department, includes a "cc:" notation listing prior counsel's name and address, and references an enclosed "complaint letter" regarding prior counsel; and (3) a three-page affidavit from Liu, sworn on May 14, 2009, detailing his allegations of ineffective assistance. The first page of the copy of Liu's affidavit appearing in the record bears two twenty-digit numbers. Liu provided no explanation of

the significance of these numbers below, but on appeal, asserts that they reflect United States Postal Service tracking numbers, which in turn provide proof that these materials were mailed to prior counsel and to the disciplinary committee on May 18, 2009, and respectively received by these parties on May 19 and May 26, 2009. Pet'r Br. at 14.

In its decision denying the motion to reopen, the BIA stated that Liu had not offered a copy of his alleged "complaint letter" for the agency's consideration. It is unclear to us whether the agency understood and considered Liu's assertion, which he has made more clearly in his appellate brief, that the "Complaint Letter" referred to in his exhibit list and cover letter is in fact the three-page affidavit he submitted to the BIA along with his motion. We are therefore also uncertain whether the agency, in concluding that Liu failed "to provide evidence to establish if and when a complaint letter was properly filed with the parties," implicitly determined that a cover letter listing the addresses of the disciplinary committee and prior counsel was insufficient proof that the complaint was sent to these parties.

Despite these ambiguities in the BIA's decision, we

4

need not remand for clarification in the circumstances of this case, as "we can state with confidence that the same decision would be made on remand."  *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 339 (2d Cir. 2006).  This is because the record makes clear that Liu failed to comply with *Lozada*'s notice requirement insofar as Liu did not inform prior counsel of his allegations and allow counsel the opportunity to respond "*before* allegations of ineffective assistance of former counsel are presented to the Board."  *Lozada*, 19 I & N Dec. at 639 (emphasis added); *see also id.* ("Any subsequent response from counsel, or report of counsel's failure or refusal to respond, should be submitted with the motion.").  Liu's motion to reopen was filed with the BIA on May 20, 2009, only six days after the date that his affidavit was sworn.  According to Liu's explanation of the tracking numbers affixed to the affidavit, this affidavit was not received by prior counsel until one day before the motion to reopen was filed with the BIA.  Therefore, it is apparent from the record that Liu has failed to comply substantially with *Lozada*.  *See, e.g.*, *Asaba v. Ashcroft*, 377 F.3d 9, 12 (1st Cir. 2004) (holding that a period of three days between the mailing of grievance to counsel and the filing of the motion to reopen "does not

5

provide [counsel] an 'adequate opportunity to respond' to the allegations").

We have considered Liu's remaining arguments and find them to be without merit.  For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6