Morabito v. State of New York

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of February, two thousand twenty.

PRESENT:
        **RALPH K. WINTER,**
        **JOHN M. WALKER, JR.,**
        **SUSAN L. CARNEY,**
                *Circuit Judges.*

---

**David R. Morabito and Colette M.G. Morabito,**

        *Plaintiffs-Appellants*,

      v.                                **No. 18-2499**

**State of New York, State of New York Department of Environmental Conservation, and Basil Seggos, Acting Commissioner, New York State Department of Environmental Conservation,**

        *Defendants-Appellees.*

---

**FOR PLAINTIFFS-APPELLANTS:**                 David R. Morabito, Colette M.G. Morabito, pro se, East Rochester, NY.

**FOR DEFENDANTS-APPELLEES:**                    Claiborne E. Walthall,
Assistant Attorney General,
Susan L. Taylor, Assistant
Attorney General, Jeffrey W.
Lang, Deputy Solicitor
General, Barbara D.
Underwood, Solicitor
General, *for* Letitia James,
Attorney General of the State
of NY, Albany, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Telesca, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court dated June 19, 2018, and order dated August 7, 2018, are **AFFIRMED**.

Appellants David Morabito (an attorney) and Colette Morabito, proceeding pro se,[1] appeal the district court's judgment dismissing their 42 U.S.C. § 1983 complaint and post-judgment order denying their motion to vacate the judgment. The Morabitos sued the State of New York, the New York State Department of Environmental Conservation ("DEC"), and Basil Seggos in his official capacity (as Commissioner of the DEC), claiming that New York's regulation banning high-volume hydraulic fracturing ("HVHF") violated the Takings and Due Process clauses of the Constitution. After defendants moved to dismiss the complaint as barred by Eleventh Amendment immunity, the Morabitos moved to amend. Their proposed amended complaint attempted to circumvent Eleventh Amendment immunity by suing Seggos in his individual (rather

---

[1] Although it is well-settled that "a court is ordinarily obligated to afford special solicitude to *pro se* litigants" based on "[t]he rationale . . . that a *pro se* litigant generally lacks both legal training and experience," "a lawyer representing himself ordinarily receives no such solicitude at all." *Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010). Because David Morabito is a licensed attorney, the Morabitos are not entitled to the "special solicitude" afforded to the typical pro se litigant.

than official) capacity and by seeking injunctive relief under § 1983, in addition to damages. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, to which we refer only as necessary to explain our decision to affirm.

## I. Dismissal

We review de novo a judgment of dismissal entered under either Federal Rules of Civil Procedure 12(b)(1) or 12(b)(6).[2] *See Washington v. Barr*, 925 F.3d 109, 113 (2d Cir. 2019). In considering whether a governmental entity is entitled to Eleventh Amendment immunity, we review a district court's factual findings for clear error and its legal conclusions de novo. *See Leitner v. Westchester Cmty. Coll.*, 779 F.3d 130, 134 (2d Cir. 2015).

"The Eleventh Amendment generally bars suits in federal court by private individuals against non-consenting states." *Id.* The Eleventh Amendment also bars damages claims brought against state agencies and individual state defendants in their official capacities. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985) (state officials in their official capacities); *Gorton v. Gettel*, 554 F.3d 60, 62 (2d Cir. 2009) (per curiam) (state agencies). It is well settled that § 1983 does not override Eleventh Amendment immunity. *Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990). The district court thus correctly held that the Eleventh Amendment barred the Morabitos' § 1983 suit against New York (a state), the DEC (a state agency), and Seggos (a state official) in his official capacity. Although, as discussed below, the Morabitos also challenge the

---

[2] Although the district court characterized its dismissal as falling under Rule 12(b)(6), it is more appropriately characterized as a dismissal under Rule 12(b)(1), as it was based on sovereign immunity. *See Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990) (explaining the federal courts "lack jurisdiction" over § 1983 claims that are barred by Eleventh Amendment immunity (internal quotation marks omitted)).

3

district court's holdings dismissing their claims against Seggos in his individual capacity and their request for injunctive relief, they do not challenge the district court's core holding barring their other claims under the Eleventh Amendment.

## II. Proposed Amendments

We generally review a district court's denial of leave to amend a complaint for abuse of discretion. *See Grochowski v. Phx. Constr.*, 318 F.3d 80, 86 (2d Cir. 2003). If a district court denies leave to amend because the proposed amended complaint does not state a claim upon which relief can be granted, however, our review is de novo. *Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 185–86 (2d Cir. 2012). "While generally leave to amend should be freely granted, it may be denied when there is a good reason to do so, such as futility, bad faith, or undue delay." *Kropelnicki v. Siegel*, 290 F.3d 118, 130 (2d Cir. 2002) (internal citation omitted). The district court correctly held that the Morabitos' motion to add claims against Seggos in his individual capacity and to seek injunctive relief were attempts to circumvent Eleventh Amendment immunity and therefore that amendment was futile.

First, the district court correctly held that the Morabitos failed to state a claim against Seggos in his individual capacity under § 1983. "It is well settled that, in order to establish a defendant's individual liability in a suit brought under § 1983, a plaintiff must show, *inter alia*, the defendant's personal involvement in the alleged constitutional deprivation." *Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013). As the district court observed, the Morabitos failed to allege any personal involvement of Seggos in their alleged constitutional deprivation. They argue, however, that Seggos is personally involved in the deprivation because, as the present Commissioner, he is the only person who could modify or abolish the regulation. Although that

4

argument may be sufficient to sustain a claim for prospective relief (theirs fails for a different reason, discussed below), it is insufficient to sustain a § 1983 damages claim for *past* alleged constitutional deprivations that occurred on the watch of a different official. The Morabitos did not make *any* allegations that Seggos had any personal involvement in the creation or enforcement of the operative regulation. *Cf. Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006) (holding that, where a prior official imposed an allegedly unconstitutional special condition of parole, an allegation that another official not only continued that condition but actively enforced it by arresting the plaintiff was sufficient to show personal involvement). Nor—to all appearances— could they, since he assumed the commissioner's position only after the regulation was adopted.

Second, we see no error in the district court's ruling that the Morabitos' motion to add a request for injunctive relief (as opposed to damages under § 1983) was only a futile attempt to avoid the Eleventh Amendment bar. If a complaint "alleges an ongoing violation of federal law and seeks relief properly characterized as prospective," the Eleventh Amendment does not bar the proceeding against a state. *See Verizon Md. Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002); *see also In re Deposit Ins. Agency*, 482 F.3d 612, 617 (2d Cir. 2007) ("[A] plaintiff may sue a state official acting in his official capacity—notwithstanding the Eleventh Amendment—for prospective injunctive relief from violations of federal law." (internal quotation marks omitted)). But as the district court ruled, the Morabitos' claim for injunctive relief was precluded by collateral estoppel. Under the Full Faith and Credit Act, 28 U.S.C. § 1738, a federal court must abide by New York state court judgments, using New York case law to determine the effect of those judgments. *See Hoblock v. Albany Cty. Bd. of Elections*, 422 F.3d 77, 93 (2d Cir. 2005). "The doctrine of collateral estoppel precludes a party from relitigating an issue which has previously

5

been decided against him in a proceeding in which he had a fair opportunity to fully litigate the point." *Kaufman v. Eli Lilly & Co.*, 65 N.Y.2d 449, 455 (1985) (internal quotation marks and citations omitted). Collateral estoppel applies when "the identical issue necessarily . . . [was] decided in the prior action and [is] decisive of the present action, and . . . the party to be precluded from relitigating the issue . . . had a full and fair opportunity to contest the prior determination." *Id.*; *see also Vargas v. City of New York*, 377 F.3d 200, 205–06 (2d Cir. 2004).

In an Article 78 proceeding that he pursued in May 2015 in state court, David Morabito urged that the state's HVHF ban was unconstitutional. This is the same argument underlying his proposed request for injunctive relief in the present action.[3] The New York courts held that David Morabito lacked standing to challenge the constitutionality of the regulation because he did not demonstrate his own actual or imminent injury-in-fact. *Matter of Morabito v. Martens*, Dkt. No. 01-15-ST6838 (N.Y. Sup. Ct. 2016), *aff'd*, 149 A.D.3d 1316, 1316–17 (N.Y. App. Div. 3d Dep't 2017), *leave to appeal denied*, 29 N.Y.3d 916 (2017). The standing issue was fully and fairly litigated in the state courts and was necessary to the courts' decisions. Indeed, it was the sole holding of those courts. *See Morabito*, 149 A.D.3d at 1317. Further, the Second Circuit has previously applied collateral estoppel to preclude parties from re-litigating issues of standing that were already decided in New York state court. *See Mrazek v. Suffolk Cty. Bd. of Elections*, 630 F.2d 890, 896 n.10 (2d Cir. 1980) (holding that, where the New York courts had decided the issue of standing, that decision was binding on the federal courts). Thus, the district court owed full

---

[3] As the district court found, Colette Morabito is in privity with her husband David Morabito for the purpose of collateral estoppel, and is therefore bound by our collateral estoppel ruling against him. On appeal, the Morabitos do not challenge that finding.

6

faith and credit to the state courts' standing holding and correctly applied collateral estoppel to bar the Morabitos' renewed claim for injunctive relief.

The Morabitos argue that collateral estoppel cannot apply in the federal action because the state courts never decided the merits of their constitutional claims. This argument falls short. It appears to confuse the doctrine of collateral estoppel (issue preclusion) with that of res judicata (claim preclusion); collateral estoppel asks only if the *issue* (here, standing) was necessarily decided and does not require the prior court to have determined the merits of the *claims*. *Compare Kaufman*, 65 N.Y.2d at 455 ("[C]ollateral estoppel precludes a party from relitigating an *issue* which has previously been decided against him[.]" (emphasis added) (internal quotation marks omitted)), *with Matter of Josey v. Goord*, 9 N.Y.3d 386, 389 (2007) ("The doctrine of res judicata precludes a party from litigating a *claim* where a judgment *on the merits* exists from a prior action between the same parties involving the same subject matter." (emphasis added) (internal quotation marks and citation omitted)). Thus, the district court was bound to apply the state court ruling that the Morabitos did not have standing to seek injunctive relief.

The Morabitos also argue that the state courts' standing determination was incorrect because it was based on their failure to apply for an HVHF permit for use on their property. This argument, however, misconstrues the state court holdings. Those courts ruled that the Morabitos lacked standing because they had not demonstrated an injury-in-fact for several reasons. These included but were not limited to their failure to seek a permit. *Morabito*, 149 A.D.3d at 1317 ("[P]etitioner had not applied for a permit nor offered any proof that he met any of the requirements to obtain a permit. He offered no proof of any plans to move forward with the process and conceded that any plans would necessarily involve commitments by oil and gas exploration

7

companies, of which he had none.").   In any event, the Full Faith and Credit Clause precludes this Court from reexamining the state courts' standing determination, and the district court did not err in concluding that it must give the decision binding effect.   *See Hoblock*, 422 F.3d at 93.

Finally, the Morabitos argue that, because they were required—under *Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City*, 473 U.S. 172, 194–96 (1985)— to first exhaust remedies in state court before bringing a Takings Clause claim in federal court, the federal court should not apply collateral estoppel to state court rulings on their claims.   We are not persuaded.   The Morabitos are correct that the Supreme Court recently overturned the portion of its *Williamson* decision that required exhaustion of remedies in state court.   *Knick v. Twp. of Scott*, 139 S. Ct. 2162, 2177 (2019) (holding, in contrast to *Williamson*, that a plaintiff asserting a Takings Clause claim need not seek relief in state courts before bringing a claim in federal court). That argument is inapposite, however, because the district court did not dismiss their claims for failure to exhaust state remedies (as in *Knick*); ultimately, whatever the reason they did so, the fact is that the Morabitos brought their claims in state court, where they lost.   The district court was required by federal law to apply collateral estoppel to issues decided in those proceedings.

**III.    Rule 59 and 60 Motions**

Finally, the district court did not abuse its discretion in denying the Morabitos' motion under Federal Rules of Civil Procedure 59 and 60 for vacatur of the judgment.   *See Schwartz v. Liberty Mut. Ins. Co.*, 539 F.3d 135, 150 (2d Cir. 2008) (Rule 59(e) motion); *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 162 F.3d 724, 729 (2d Cir. 1998) (Rule 60(b) motion). "[R]econsideration [of a judgment] will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked. . . ."   *Shrader v. CSX Transp., Inc.*, 70

8

F.3d 255, 257 (2d Cir. 1995).   Reconsideration is not warranted where the party seeks "solely to relitigate . . . issue[s] already decided," *id.*, and reconsideration motions are "a mechanism for extraordinary judicial relief invoked only if the moving party demonstrates exceptional circumstances," *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (internal quotation marks omitted).   The Morabitos adduced no new data and pointed to no intervening decisions that the court overlooked in rendering its first decision.   Therefore, we affirm the district court's order for substantially the same reasons as were stated by the district court in its thorough Order of August 7, 2018.

We have considered all of the Morabitos' remaining arguments and conclude that they are without merit.   Accordingly, we **AFFIRM** the judgment and post-judgment order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

9