Kelly v. NYS UCS

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th of April, two thousand twenty-two.

PRESENT: Amalya L. Kearse,
Robert D. Sack,
Steven J. Menashi,
*Circuit Judges.*

_____

JAMES KELLY,
   *Plaintiff-Appellant,*

 v.         No. 21-1633

NEW YORK STATE UNIFIED COURT SYSTEM,
   *Defendant-Appellee,*

_____

For Plaintiff-Appellant:   JAMES KELLY, pro se, Selden, NY.

For Defendant-Appellee:   LISA MICHELLE EVANS, Of Counsel (Eileen D. Millett, Craig E. Penn, *on*

Appeal from a judgment of the United States District Court for the Eastern District of New York (Azrack, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

James Kelly, pro se, sued the New York State Unified Court System ("UCS"), challenging a February 2021 New York state court order that he could not record custody and visitation proceedings to which he was a party. He alleged that the order—along with N.Y. Civil Rights Law § 52 and accompanying regulations prohibiting individuals from recording or broadcasting proceedings within UCS courtrooms [1] —violated the First, Tenth, and Fourteenth Amendments. He

---

[1] N.Y. Civil Rights Law § 52 provides that "[n]o person, firm, association or corporation shall televise, broadcast, take motion pictures or arrange for the televising, broadcasting, or taking of motion pictures within this state of proceedings, in which the testimony of witnesses by subpoena or other compulsory process is or may be taken, conducted by a court … or other tribunal in this state." The New York Codes, Rules & Regulations ("NYCRR") provide that "[t]aking photographs, films or videotapes, or audiotaping, broadcasting or telecasting, in a courthouse including any courtroom, office or hallway

requested a temporary restraining order and a preliminary injunction to prevent the UCS from prohibiting him from recording his state court proceedings. The district court *sua sponte* dismissed Kelly's complaint for lack of subject matter jurisdiction because state sovereign immunity barred the complaint. The district court also denied leave to amend because amendment would be futile. Kelly appeals. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

**I**

Sua sponte dismissals under Rule 12(b)(1) for lack of subject matter jurisdiction are reviewed *de novo*. *Digitel, Inc. v. MCI Worldcom, Inc.*, 239 F.3d 187, 190 (2d Cir. 2001). While issuing such a dismissal without affording the complainant an opportunity to be heard is generally "bad practice," *Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 82 (2d Cir. 2018), and while a *sua sponte* dismissal "absent notice and an opportunity to be heard can itself be grounds for

---

thereof, at any time or on any occasion, whether or not the court is in session, is forbidden, unless permission of the Chief Administrator of the Courts or a designee of the Chief Administrator is first obtained." 22 NYCRR § 29.1(a). Additionally, under 22 NYCRR § 131.1(c), "[a]udio-visual coverage of party or witness testimony in any court proceeding (other than a plea at an arraignment) is prohibited."

reversal," *McGinty v. New York*, 251 F.3d 84, 90 (2d Cir. 2001), it nevertheless "may be appropriate" when "it is unmistakably clear that the court lacks jurisdiction." *Catzin*, 899 F.3d at 82.

Here, it was "unmistakably clear" that the district court lacked jurisdiction to hear Kelly's complaint because it was barred by state sovereign immunity. *Id.* The Eleventh Amendment confirms that states, state entities, and state officials acting in their official capacities have sovereign immunity from suit. *See* U.S. CONST. amend. XI; *see also In re Dairy Mart Convenience Stores, Inc.*, 411 F.3d 367, 371 (2d Cir. 2005) ("For over a century, the Supreme Court has interpreted the Eleventh Amendment not as against a *tabula rasa,* but rather as a confirmation of the preexisting principle of sovereign immunity."). We have held that New York's sovereign immunity extends to the UCS, which acts as an "arm of the [s]tate." *Gollomp v. Spitzer*, 568 F.3d 355, 368 (2d Cir. 2009) (quoting *Woods v. Rondout Valley Cent. Sch. Dist. Bd. of Educ.*, 466 F.3d 232, 236 (2d Cir. 2006)); *see also Gorton v. Gettel*, 554 F.3d 60, 62 (2d Cir. 2009) ("Eleventh Amendment immunity extends to state agents and state instrumentalities that are, effectively, arms of a state.") (internal quotation marks omitted).

4

There are two primary exceptions to sovereign immunity: (1) a state may waive its immunity from suit, or (2) Congress may expressly and validly abrogate the immunity pursuant to specific authority, such as its authority under Section 5 of the Fourteenth Amendment. *See Clark v. Barnard*, 108 U.S. 436, 447 (1883) ("The immunity from suit belonging to a State … is a personal privilege which it may waive at pleasure."); *Fitzpatrick v. Bitzer*, 427 U.S. 445, 456 (1976) ("[W]e think that the Eleventh Amendment, and the principle of state sovereignty which it embodies, are necessarily limited by the enforcement provisions of [Section] 5 of the Fourteenth Amendment.") (internal citation omitted). Neither of those exceptions applies here. New York did not expressly waive its immunity against Kelly's lawsuit, such as by consenting to the suit. *See Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 675-76 (1999) (noting that a state waives its immunity "if the State voluntarily invokes [federal court] jurisdiction, or else if the State makes a clear declaration that it intends to submit itself to [federal court] jurisdiction") (internal quotation marks and citation omitted). Nor has New York generally waived its sovereign immunity in federal court regarding

5

42 U.S.C. § 1983 claims.[2] *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977) (holding that § 1983 claims against a New York commission were barred by sovereign immunity). Furthermore, Congress did not abrogate New York's sovereign immunity when enacting § 1983. *Dube v. State Univ. of New York*, 900 F.2d 587, 594 (2d Cir. 1990) ("[S]ince Dube's federal causes of action are brought under section 1983, in the absence of consent, any claims against [New York] State … are proscribed by the Eleventh Amendment.") (internal quotation marks and alterations omitted).

Kelly's argument that *Ex parte Young*, 209 U.S. 123 (1908), provides an exception to New York's sovereign immunity is meritless. The doctrine provides that a plaintiff "may avoid the Eleventh Amendment bar to suit and proceed against individual state officers, *as opposed to the state*, in their official capacities," if the complaint "alleges an ongoing violation of federal law" and "seeks relief properly characterized as prospective." *In re Deposit Ins. Agency*, 482 F.3d 612, 618 (2d Cir. 2007) (emphasis added) (quoting *Verizon Md. Inc. v. Pub. Serv. Comm'n of*

---

[2] Because Kelly alleged that UCS "systematically deprived" him of constitutional rights "under color of law," we construe his claims as arising under § 1983. App'x 16.

*Md.*, 535 U.S. 635, 636 (2002)). Kelly sued the UCS in lieu of individual officers (while also specifically alleging that any officer involved acted in a personal capacity). *Ex parte Young*'s exception to the sovereign immunity bar—allowing prospective injunctive relief—therefore does not apply.

To the extent that Kelly raises an argument of judicial bias, it is meritless. We have observed that "[g]enerally, claims of judicial bias must be based on extrajudicial matters." *Chen v. Chen Qualified Settlement Fund*, 552 F.3d 218, 227 (2d Cir. 2009). Kelly contends that the district court judge's *sua sponte* dismissal turned the judge into "a proponent for the defense." Appellant's Br. at 19. Yet "adverse rulings, without more, will rarely suffice to provide a reasonable basis for questioning a judge's impartiality." *Chen*, 552 F.3d at 227. The record does not demonstrate any bias from the district court judge, nor does Kelly point to extrajudicial information that could provide "a reasonable basis" to infer bias. *Id.*

**II**

The Federal Rules of Civil Procedure provide that "leave to amend 'shall be freely given when justice so requires.'" *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) (quoting Fed. R. Civ. P. 15(a)(2)). For pro se plaintiffs,

a "complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010)). We review a denial of leave to amend "for abuse of discretion, unless the denial was based on an interpretation of law, such as futility, in which case we review the legal conclusion *de novo*." *Empire Merchs., LLC v. Reliable Churchill LLLP*, 902 F.3d 132, 139 (2d Cir. 2018) (quoting *Pyskaty v. Wide World of Cars, LLC*, 856 F.3d 216, 224 (2d Cir. 2017)). "Futility is a determination, as a matter of law, that proposed amendments would fail to cure prior deficiencies." *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012).

Here, the district court correctly denied leave to amend because it determined that "any amendment of [Kelly's] claims would be futile." App'x 354. As discussed above, Kelly's complaint is deficient because state sovereign immunity bars his claims against the UCS. *See Gollomp*, 568 F.3d at 368. Therefore, because Kelly cannot cure his pleading deficiencies and amendment would be futile, the district court did not err in denying leave to amend.

8

We have considered all of Kelly's arguments, which are without merit.

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court