23-702-cv
*Irazu v. Sainz De Aja*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of December, two thousand twenty-three.

PRESENT:
> **DEBRA ANN LIVINGSTON,**
> *Chief Judge,*
> **DENNY CHIN,**
> **MICHAEL H. PARK,**
> *Circuit Judges.*

_____

**Fernando G. Irazu,**

> *Plaintiff-Appellant,*

> v.                                                    **23-702-cv**

**Margarita Oliva Sainz De Aja, Kevin F. Collins, Jeffrey A. Diamond,**

> *Defendants-Appellees.*

_____

1

**FOR PLAINTIFF-APPELLANT:**                    Fernando G. Irazu, Esq.,
                                                pro se, Buenos Aires,
                                                Argentina.

**FOR DEFENDANTS-APPELLEES:**                   No appearance.


Appeal from a judgment of the United States District Court for the District of Connecticut (Victor A. Bolden, *Judge*; Robert M. Spector, *Magistrate Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

* * *

Appellant Fernando Irazu, an attorney proceeding *pro se* and *in forma pauperis*, sued his ex-wife, her attorney, and Connecticut Superior Court "Caseflow Coordinator" Jeffrey Diamond for allegedly violating his constitutional rights by abusing the litigation process during several proceedings related to his divorce. The district court adopted a report and recommendation and dismissed his complaint under 28 U.S.C. § 1915(e)(2)(B) because (1) the Caseflow Coordinator is immune from suit based on the Eleventh Amendment, quasi-judicial immunity, and 42 U.S.C. § 1983, and (2) the other defendants are not state actors. The court

also denied Irazu's motion to disqualify the magistrate judge and district court. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

We review a *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2) *de novo*. *Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486, 489 (2d Cir. 2018). A screening dismissal of a complaint filed *in forma pauperis* is appropriate if the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).[1]

---

[1] To avoid dismissal for failure to state a claim under § 1915(e)(2)(B) "a complaint must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Hardaway*, 879 F.3d at 489 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Because Irazu is an attorney, we agree with the district court that, although he is proceeding *pro se,* he is not entitled to the special solicitude normally afforded to *pro se* litigants. *Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010).

**I. Eleventh Amendment Immunity, Quasi-Judicial Immunity, and § 1983**

Irazu's claims for money damages and injunctive relief against Diamond in both his official and individual capacities are barred by the Eleventh Amendment, quasi-judicial immunity, and 42 U.S.C. § 1983.[2]

**a. Eleventh Amendment**

The Eleventh Amendment provides immunity from suits for money damages in federal court to states, state entities, and state officials acting in their official capacities. *See* U.S. CONST. amend. XI; *Mary Jo C. v. N.Y. State & Loc. Ret. Sys.*, 707 F.3d 144, 151–52 (2d Cir. 2013); *Ying Jing Gan v. City of New York*, 996 F.2d 522, 529 (2d Cir. 1993). The immunity "extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (internal quotation marks and citation omitted). As we have noted before:

> Six factors determine whether an entity is an arm of the state: (1) how the entity is referred to in its documents of origin; (2) how the governing members of the entity are appointed; (3) how the entity is funded; (4) whether the entity's function is traditionally one of local or state government; (5) whether the state has a veto power over the

[2] Irazu argues the district court erred by solely considering his claims to be based on § 1983. He does not, however, explain what other claims providing federal jurisdiction he asserted. Accordingly, he has abandoned any such argument. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir. 1995) (holding that issues not raised in an appellate brief are abandoned).

entity's actions; and (6) whether the entity's financial obligations are binding upon the state.

*Gorton v. Gettel*, 554 F.3d 60, 62 (2d Cir. 2009) (internal quotation marks and citation omitted).  We have applied these factors to conclude that New York's Unified Court System is an arm of the state protected by Eleventh Amendment immunity, because (among other reasons) New York's courts were established by the New York Constitution and their function is traditionally associated with state government.  *Gollomp*, 568 F.3d at 366–68.

The *Gorton* factors yield the same result with respect to the Connecticut Judicial Branch and thus Diamond in his official capacity.  The Connecticut Constitution calls for the creation of a judiciary, including superior courts like the one by which Diamond was allegedly employed.  *See* CONN. CONST. art. V, § 1.  It also dictates that lower court judges will be appointed by the General Assembly in a manner prescribed by law.  *Id.* § 3.  The state legislature funds, at least partially, the judiciary.  *See* Conn. Gen. Stat. § 51-12(a) (Compensation plan).  Finally, the "function [of the court system] is traditionally one of . . . state government."  *Gollomp*, 568 F.3d at 368.  Accordingly, the Connecticut Judicial Branch is a state entity protected by the Eleventh Amendment and that shield extends to protect its employees from suits for damages for actions taken in their

5

official capacity. As a judicial employee, Diamond is protected in his official capacity by Eleventh Amendment immunity.

### b. Quasi-Judicial Immunity

As for Irazu's individual capacity claims for money damages against Diamond, we agree with the district court that Diamond is also shielded by quasi-judicial immunity, which extends to people, other than judges, "who perform functions closely associated with the judicial process." *Oliva v. Heller*, 839 F.2d 37, 39 (2d Cir. 1988) (internal citation and quotation marks omitted). This immunity extends to "all persons—governmental or otherwise—who [are] integral parts of the judicial process." *Briscoe v. LaHue*, 460 U.S. 325, 335 (1983).

We have previously extended absolute immunity to court clerks who were, like Diamond, alleged to have violated a plaintiff's due process rights based on impermissible handling of a case docket. *Rodriguez v. Weprin*, 116 F.3d 62, 66–67 (2d Cir. 1997). "A court's inherent power to control its docket is part of its function of resolving disputes between parties" and therefore a "function for which judges and their supporting staff are afforded absolute immunity." *Id.* at 66.

Like the clerk in *Rodriguez*, Diamond is protected from suit by the judicial nature of docket-management. Accordingly, Irazu's claim for money damages

6

against Diamond in his individual capacity was also correctly dismissed.

### c. Section 1983

To the extent that Irazu seeks prospective injunctive relief against Diamond, § 1983 itself bars suits for prospective injunctive relief against judicial officers for acts taken in their judicial capacity "unless a declaratory decree was violated or declaratory relief was unavailable." *Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999) (per curiam) (quoting 42 U.S.C. § 1983). For the same reasons that Diamond was entitled to quasi-judicial immunity, he qualifies as a judicial officer for purposes of § 1983. *See id.* at 761 (concluding that because a parole board commissioner had absolute judicial immunity in his official capacity, he was also protected by § 1983's limitation on injunctive relief); *cf. Mitchell v. Fishbein*, 377 F.3d 157, 174 (2d Cir. 2004) (the lack of entitlement to quasi-judicial immunity led "by the same token" to the inapplicability of § 1983's limitation on injunctive relief). Accordingly, Irazu's claim for injunctive relief against Diamond is also barred, as Irazu did not allege the violation of a declaratory decree or the unavailability of declaratory relief.

## II. State Action

We also agree with the district court that Irazu's amended complaint fails to adequately allege that either Oliva Sainz de Aja or Collins, neither of whom is a state actor, was acting under color of state law. *See* 42 U.S.C. § 1983; *Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020) (per curiam). While a private entity can act under color of state law for purposes of § 1983 when "(1) the State compelled the conduct [the 'compulsion test'], (2) there is a sufficiently close nexus between the State and the private conduct [the 'close nexus test' or 'joint action test'], or (3) the private conduct consisted of activity that has traditionally been the exclusive prerogative of the State [the 'public function test']," Irazu's allegations fail to satisfy any of these tests. *McGugan v. Aldana-Bernier*, 752 F.3d 224, 229 (2d Cir. 2014) (internal quotation marks and citation omitted) (alterations in original). Non-governmental lawyers, without more, are not state actors, *Szymonik v. Connecticut*, 807 F. App'x 97, 102 (2d Cir. 2020) (summary order), and "the mere invocation by defendants of [state] legal procedures" does not transform them into state actors, *Dahlberg v. Becker*, 748 F.2d 85, 93 (2d Cir. 1984). Further, Irazu failed to provide any non-conclusory allegations that Diamond and the other defendants were involved in a § 1983 conspiracy. *Ciambriello v. County of Nassau*, 292 F.3d 307,

325 (2d Cir. 2002) (dismissing § 1983 conspiracy claim because the "allegations are strictly conclusory.").

Accordingly, the district court correctly dismissed Irazu's claims against Oliva Sainz de Aja and Collins for failure to allege state action.

**III.    Recusal**

The district court's decisions to decide the recusal motion and to deny the recusal motion were not only proper but required. *LoCascio v. United States*, 473 F.3d 493, 498 (2d Cir. 2007) (per curiam) ("[A] judge has an affirmative duty to inquire into the legal sufficiency of [an affidavit of prejudice] and not to disqualify himself unnecessarily"); *In re Aguinda*, 241 F.3d 194, 201 (2d Cir. 2001) ("[W]here the standards governing disqualification have not been met, disqualification is not optional; rather, it is prohibited."). Irazu's argument that the district court and magistrate judge were biased against him fails because his argument is based on his disagreement with the judges' decisions, which is not grounds for a bias claim. *Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.").

* * *

We have considered Irazu's remaining arguments and find them to be without merit.  Accordingly, we **AFFIRM** the judgment of the district court and **DENY** Irazu's motion to supplement the record.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court